IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| DILLON B. PIERCE, | ) | CASE NO. 1:18 CV 1309 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

## Introduction

Before me[1] is an action by Dillon B. Pierce under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for childhood disability insurance benefits and supplemental security income.[2] Because the ALJ's no disability finding lacks the support of substantial evidence, this matter is reversed and remanded for further administrative proceedings consistent with this opinion.

## Issue Presented

This case presents the following issue for review:

- State agency reviewing sources gave residual functional capacity ("RFC") opinions that included several limitations. Despite giving these opinions great weight, the ALJ only incorporated a portion of the limitations opined by the state agency reviewing sources. The ALJ does not explain why certain of the opined limitations were omitted from the RFC. Does the RFC decision lack the support

---

[1] ECF No. 21. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.

of substantial evidence for want of an explanation as to why these limitations were omitted from the RFC?

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[3]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[4] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[5]

---

[3] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).
[4] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[5] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

I will review the findings of the ALJ at issue here consistent with that deferential standard.

Pierce has a mental impairment, somewhat vaguely characterized by the ALJ as a learning disorder.

Two state agency reviewing sources opined as to Pierce's RFC. Dr. Denise Rabold, Ph.D., on initial consideration, opined the following limitations:

- Capable of understanding and remembering 2-3 step tasks;
- May need demonstrations;
- Capable of concentrating and persisting for a short period of time;
- Capable of performing jobs with 2-3 step tasks that are simple in nature; and
- Needs predictable static work environment and others to outline plan and goals.[6]

On reconsideration, Dr. R. Murry adopted similar but not identical limitations:

- Capable of understanding and remembering 2-3 step tasks;
- No strict production demands or demands for sustained fast pace;
- Predictable, static work environment and others to outline plans and goals.[7]

The ALJ gave these opinions great weight.[8] The RFC, however, adopted only a portion of the limitations opined by the state agency reviewing sources:

- Simple, routine tasks but not at a production pace; and
- Can tolerate routine workplace changes.

Pierce argues that two omissions are critical and constitute reversible error:

---

[6] ECF No. 10, Transcript ("Tr.") at 81-82.
[7] *Id.* at 92-93.
[8] *Id.* at 22.

3

- Ability to concentrate and persist for short periods of time; and
- The need for others to outline plans and goals.[9]

Pierce points to the following testimony by the vocational expert ("VE"):

- No jobs exist if an individual cannot concentrate for two hours at a time;[10] and
- No jobs exist for an individual who would require occasional redirection after a probationary period.[11]

The ALJ does not explain why these opined limitations were omitted from the RFC despite the great weight assigned.[12] According to *Rogers v. Commissioner of Social Security*, treating source opinions are entitled to great weight where they are not given controlling weight.[13] So for state agency sources to be given great weight is significant.[14]

The Commissioner's brief relies on the blanket statement that an ALJ does not need to adopt all limitations opined by an acceptable medical source given great weight. Although this is true as far as it goes, an ALJ must give good reasons for omitting such

---

[9] ECF No. 15 at 5-6.
[10] Tr. at 72.
[11] *Id.* at 68.
[12] *Id.* at 22.
[13] 486 F.3d at 242 ("However, in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding. Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4 ('In many cases, a treating physician's medical opinion will be *entitled to the greatest weight and should be adopted*, even if it does not meet the test for controlling weight.').") (emphasis added).
[14] *See Owens v. Comm'r of Soc. Sec.*, No. 1:17 CV 2453, 2018 WL 6244435 (N.D. Ohio Nov. 29, 2018) (state agency sources assigned great weight); *Yon v. Comm'r of Soc. Sec.*, No. 5:18 CV 0358, 2018 WL 6192592 (N.D. Ohio Nov. 28, 2018) (state agency sources assigned great weight). *Cf. Selzer v. Comm'r of Soc. Sec.*, No. 1:16 CV 276, 2016 WL 11264703 (N.D. Ohio Dec. 20, 2016) (state agency sources given considerable weight).

limitations.[15]  As the Social Security Administration's own interpretation of the regulations makes plain, "[t]he RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[16]  That was not done here.  "The ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision."[17]

**Conclusion**

The ALJ's no disability finding lacks substantial evidence.  This matter is reversed and remanded for further administrative proceedings consistent with this opinion.  On remand, the ALJ must properly address the limitations opined by the state agency sources in formulating Pierce's RFC; if the ALJ declines to adopt certain limitations despite giving the state agency sources' opinions great weight, then the ALJ must explain his or her reasons for doing so.

IT IS SO ORDERED.

Dated: May 31, 2019                          s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

---

[15] *Allen v. Comm'r of Soc. Sec.*, 2:17-cv-1154, 2018 WL 6060446, at *4 (S.D. Ohio Nov. 20, 2018); *Weekly v. Comm'r of Soc. Sec.*, No. 1:13–CV–2108, 2015 WL 45529, at *8 (N.D. Ohio Jan. 2, 2015).
[16] SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY RULING 96-8P, POLICY INTERPRETATION RULING TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, 1996 WL 374184, at *7 (July 2, 1996) ("SSR 96-8p").
[17] *Allen*, 2018 WL 6060446, at *4 (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011)).